160



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E.Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. 0-2831
Re: Whether it is a violation of the
Nepotism Law to employ a registered
nurse in a county hospital where a
member of the board is a first cousin
of said nurse.

Your recent request for an opinion of this depart-
ment upon the question as is herein stated has been received.

We quote from your letter as follows:

"Will you please furnish us with a ruling in
the following matter:

"Paul Moore has been secretary-treasurer of
the P. and S. Hospital, a Navarro County institu-
tion, for the past four years.

"In 1937 the Board hired Edna Benson as super-
intendent, and she was authorized to hire and fire
all employees by rules and regulations passed by
the board.

"In 1939, Essie Gene Coxsey, Registered nurse,
applied for a position with the hospital. She is
a first cousin of Moore. She was hired without his
knowledge, and without any suggestion on his part,
and has continued to work since the summer of 1939.
Moore, as a member of the Board, has not participat-
ed in the discussions or voting when the question
of salary has been before the Board with reference
to Miss Coxsey, voluntarily refraining from doing
so.

"A question in another department of the
county official family, has arisen, and Moore has
asked for a ruling with reference to nepotism, and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E.Y. Cunningham, Page 2

if that is your opinion, what would be the proper procedure to clear up the matter. Moore offered to resign his non-salaried position, but the Commissioners and County Judge want a ruling before such action is considered. Will Moore's resignation be required, or will Miss Coxey's resignation be the correct procedure?"

Under the provisions of Articles 432, 433 and 434 of the Penal Code, no officer of the State nor any municipal subdivision thereof, nor any officer or member of any State or municipal board shall appoint, or vote for, or confirm the appointment to any office for employment of any person related within certain specified degrees to him or to any other member of such board, where the compensation of such person is to be paid out of public funds or fees of office of any kind whatsoever. Evasion of nepotism by trading and approval of accounts or the drawing of warrants to pay the compensation of any ineligible officer or person are also dealt with. The statute provides also for the punishment of any person who violates any of its provisions.

Article 4479, Vernon's Annotated Civil Statutes, authorizes the commissioners' court to appoint six resident property taxpaying citizens of the county who shall constitute a board of managers of the county hospital, Article 4480, Vernon's Annotated Civil Statutes, among other things, provides that "the board of managers shall elect from among its members a president and one or more vice-presidents and a secretary and a treasurer. It shall appoint a superintendent of the hospital who shall hold office at the pleasure of said board. Said superintendent shall not be a member of the board and shall be a qualified practitioner of medicine or be specially trained for work of such character.... Said board shall fix the salaries of the superintendent and all other officers and employees within the limit of the appropriation made therefor by the commissioners' court, and such salaries shall be compensation in full for all services rendered.... The board shall have the general management and control of said hospital, grounds, buildings, officers and employees thereof; for the inmates therein and of all matters relating to the government, discipline, contracts, and physical concerns thereof; and make such rules and regulations as may seem to them necessary for carrying out the purpose of such hospital...."

Honorable E.Y. Cunningham, Page 3

Article 4485, Vernon's Annotated Civil Statutes, provides in part that:

"The superintendent shall be the chief executive officer of the hospital, but shall at all times be subject to the by-laws, rules and regulations thereof, and to the powers of the board of managers.

"....He shall, with the consent of the board of managers, appoint such resident officers and such employees as he may think proper and necessary for the efficient performance of the business of the hospital and prescribe their duties; and for cause stated in writing he may discharge any such officer, employee at his discretion, after giving such officer or employee an opportunity to be heard...."

It will be noted that under the above mentioned statutes the board of managers shall fix the salaries of the superintendent and all other officers and employees within the limit of the appropriation made therefor by the commissioners' court and that the superintendent of the hospital can appoint or employ such resident officers and employees as he may think proper and necessary for the efficient performance of the business of the hospital and prescribe their duties when acting with the consent of the board of managers.

In view of the above stated facts and the foregoing statutes, you are respectfully advised that it is the opinion of this department that Miss Coxey may not be legally employed by the hospital so long as Mr. Moore is a member of its board. The resignation of Mr. Moore, or the discharge of Miss Koxey, would be a proper procedure to clear up the matter. The fact that Mr. Moore, as a member of the board, has not participated in the employment of Miss Coxey or in the discussions or voting when the question of salary has been before the board with reference to her does not alter or change the situation. In this connection, we direct your attention to the case of Fairless v. Cameron County Water Improvement District No. 1,

Honorable E.Y. Cunningham, Page 4

25 SW 2d 651, wherein it is said:

"The employment of appellant was a plain
violation of the nepotism law, and he has no
cause to complain because of his discharge by
the board of directors, who, upon learning that
they were acting contrary to law, promptly dis-
charged him and relieved themselves of any
charge of willful disobedience to the law."

In this connection, we want to point out that if it
is the desire of the board of managers to employ Miss Coxey
it would be necessary for Mr. Moore to resign his position
as a member of the board and after his resignation, the board
could legally employ Miss Coxey.

Trusting that the foregoing fully answers your in-
quiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED DEC 13, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

